UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SÜD-CHEMIE, INC.                                                                                         PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:03CV-29-S

MULTISORB TECHNOLOGIES, INC.                                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the plaintiff, Süd-Chemie, Inc., for amendment of the court's memorandum opinion and order of March 22, 2004 denying Süd-Chemie's motion for partial summary judgment on its claim for patent misuse under 35 U.S.C. § 292.

The underlying facts were set forth in the memorandum opinion and need not be restated here. In the opinion the court held that a genuine issue of material fact existed with respect to Multisorb's intent in leaving misleading information on its website after learning that its Transorb product was not patented. Süd-Chemie contends that the recent case of *Clontech Laboratories, Inc. v. Invitrogen Corporation*, 406 F.3d 1347 (Fed.Cir. 2005) warrants revision of the court's decision. It seeks to have the court restate the law of the case in conformity with *Clontech,* and grant Süd-Chemie partial summary judgment on the patent misuse claim.

Süd-Chemie contends that *Clontech* "set the legal standard for proving intent," (Memorandum in support, pg. 1) and that as a result, a different judgment should be reached at this time.

In *Clontech*, the United States Court of Appeals for the Federal Circuit stated that case law on 35 U.S.C. § 292

> is sparse. In fact, only one precedent has substantively addressed the statute, and in that case, we affirmed, without discussion of the text of the statute, the trial holding that no violation of the statute had occurred because the plaintiff failed "to

> produce any evidence of intent to deceive the public. [citation omitted]. Consequently, this case presents us with virtually an issue of first impression.

*Clontech*, 406 F.3d at 1351-52. The issue of first impression before the court was whether the district court had applied the correct legal standard applicable to the element of intent to deceive in evaluating a patent misuse claim under 35 U.S.C. § 292.

The court stated:

> [A]n honest, though mistaken, mismarking of an article would not trigger liability under the statute…We see no reason to interpret the statute differently to render it a statute of strict liability for mismarking. Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true…Intent to deceive, while subjective in nature, is established in law by objective criteria…Thus, "objective standards" control and "the *fact* of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." *See Norton v. Curtiss*, 57 C.C.P.A. 1384, 433 F.2d 779, 795-96 (1970). Thus, under such circumstances, the mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability…But in order to establish knowledge of falsity the plaintiff must show by a preponderance of the evidence that the party accused of false marking did not have a reasonable belief that the articles were properly marked…The question of whether conduct rises to the level of statutory deception is a question of fact, *see, e.g., KangaROOS U.S.A., Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1573 (Fed.Cir. 1985)…

*Clontech*, 406 F.3d at 1352-53.

We find that the holding in *Clontech* does not render our March 22, 2004 ruling infirm. Rather, the Federal Circuit reiterated that the question of whether conduct rises to the level of statutory deception is a question of fact.

Further, the inference of fraudulent intent upon which Süd-Chemie focuses was afforded to it in denying of Multisorb's cross-motion for summary judgment. Multisorb had urged that at the time of the mismarking, it held a good faith belief that its Transorb product was patented. In finding that neither party was entitled to summary judgment on the claim, we noted that Multisorb became aware, after investigating the issue, that its newsletter contained a false marking. Multisorb changed subsequent advertising, but its 2001 Dry Times newsletter was not removed

- 3 -

from its website. Multisorb explained that "unfortunately, it did not occur to anyone at Multisorb to remove the Summer 2001 Dry Times Newsletter." This court found, consistent with the Federal Circuit's statement in *Clontech,* that the mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability, (*See, Id*. at 1352), and declined to grant summary judgment to Multisorb.

Süd-Chemie was not entitled to summary judgment. It had no direct evidence of intent to deceive. Rather, it relied solely on the fact that the misrepresentation remained on the Multisorb website after Multisorb had been aware of the statement's falsity.

Süd-Chemie contends that the standard set forth in *Clontech* entitles it to judgment solely on the basis of Multisorb's knowledge of the fact that Transorb was not patented and the presence of the newsletter on the website. However, Multisorb has shown more than a mere denial of deceptive intent.

Multisorb has come forward with evidence showing that upon determining that, in fact, its Transorb product was not patented, it took steps to change its advertising and to ensure that it was not erroneously described as "patented" in the future. Multisorb's efforts to cleanse its misrepresentations were admittedly incomplete in that it did not attend to its website. There is a genuine issue of material fact remaining, in light of these particular circumstances, as to Multisorb's intent after being made aware that Transorb was not patented. Multisorb has shown at least some evidence to support its assertion that its failure to correct the website was inadvertent. This question of fact precludes summary judgment on this claim.

The motion of Süd-Chemie for amendment of the March 22, 2004 memorandum opinion and order(DN 176) is **DENIED**.

**IT IS SO ORDERED.**