UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SÜD-CHEMIE, INC.                                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:03CV-29-S

MULTISORB TECHNOLOGIES, INC.                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the objections (DN 200) of the plaintiff, Süd-Chemie, Inc., to the September 14, 2005 order of United States Magistrate James D. Moyer (DN 197).

As noted in *Gandee v. Glaser*, 785 F.Supp. 684 (S.D.Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994),

> A magistrate Judge's decision on non-dispositive matter will be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The "clearly erroneous" standard applies only to factual findings made by the Magistrate Judge, while her legal conclusions will be reviewed under the more lenient "contrary to law" standard. *See, Fogel v. Chestnutt*, 668 F.2d 100, 116 (2d Cir. 1981), *cert. denied sub nom., Currier v. Fogel*, 459 U.S. 828, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982); *Jernryd v. Nilsson*, 117 F.R.D. 416, 417 (N.D.Ill. 1987). This Court's review under the "contrary to law" standard is "plenary," *Jernryd*, 117 F.R.D. at 417, and it "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D.Cal. 1983). Thus, this Court must exercise its independent judgment with respect to a Magistrate Judge's legal conclusions. *See, Hawkins v. Ohio Bell Tel. Co.,* 93 F.R.D. 547, 551 (S.D.Ohio 1982), *aff'd without op.*, 785 F.2d 308 (6th Cir. 1986); *United States for the Use and Benefit of Naberhaus-Burke v. Butt & Head, Inc.*, 535 F.Supp. 1155 (S.D.Ohio 1982).

Süd-Chemie has raised a number of objections to the magistrate judge's September order. These objections will be addressed *seriatim*.

The magistrate judge denied Süd-Chemie's motion to compel the defendant, Multisorb Technologies, Inc., to respond to its written discovery requests. Sud-Chemie sought further answers

- 2 -

to previously propounded discovery as well as supplemental discovery in the form of additional interrogatories and document requests. Süd-Chemie contends that it has been denied Fed.R.Civ.P. 26 discovery by the magistrate judge's rulings. The order indicated that Multisorb provided a sixty-three page affidavit detailing its claimed compliance with the court's April order compelling discovery. The magistrate judge ruled that, having been compelled to provide the requisite discovery and having described in detail its basis for asserting that it stands in full compliance, Multisorb would not be subject to a further order of the court. This finding denies the motion to compel and for sanctions on this basis. The conclusion of the magistrate judge has not been shown to be contrary to law.

Süd-Chemie urges that the magistrate judge's denial of supplemental written discovery was contrary to law. It contends that it has been denied "data or information" relied upon by Multisorb's experts to which it is entitled under Fed.R.Civ.P. 26(b)(2)(B). As there is no such subsection, the court presumes that Süd-Chemie intended to reference Rule 26(a)(2)(B) which entitles it to a written report from Multisorb's experts containing a statement of their opinions, the basis for them, and the data or information which was considered by them in forming their opinions. The expert reports comply with this rule. Süd-Chemie has not been denied discovery. The magistrate judge ordered that Süd-Chemie may depose these experts. The magistrate judge's case management decision to preclude further supplemental written discovery in favor of depositions at this point in the litigation is in accordance with Fed.R.Civ.P. 26(b)(2) and (b)(4)(a) and will not be disturbed. As there has been no showing that it has been precluded from discovery from the experts, clear error has not been shown.

Süd-Chemie sought an order compelling the depositions of John Solomon and Alan Xi, two sales representatives employed by Multisorb in the United States. It issued notices on June 21, 2005 for depositions in Louisville in July of 2005. Süd-Chemie contends that it was authorized to

take these depositions by the magistrate judge's April 2005 order addressing deposition location. The order does not specifically address these depositions.

Multisorb refused to produce the deponents on the ground that the witnesses were not noticed prior to the December 17, 2004 cutoff of fact discovery. The witnesses were indeed noticed after the December deadline. Süd-Chemie stated that its need to depose these particular individuals did not become apparent until Multisorb produced documents that pertained to its sales activities after the December cutoff date.

As the magistrate judge did not specifically address whether Süd-Chemie should be permitted to depose Solomon and Xi, the court will supplement the magistrate judge's order in that regard. As a technical matter, the deposition notices were untimely. No extension of the cutoff date was granted for these depositions, despite the fact that the April order would appear to contemplate that some depositions would be conducted in Louisville in 2005. The spirit of the April and December orders of the magistrate judge, however, would militate in favor of permitting the taking of the Solomon and Xi depositions. The depositions of these individuals were sought shortly after the production of particular documents by Multisorb. The magistrate judge has sought to foster a more productive method of operation between the parties. In light of this intention, the court will order that Solomon and Xi be made available for deposition in Louisville within the next forty five days.

The court's findings with respect to the depositions of Solomon and Xi should not be construed by any party to impact any other discovery matter in this case. A motion to quash the deposition of a representative of Multisorb Technologies, Ltd. (UK) is pending before the magistrate judge and will be addressed by him in the ordinary course. The motion for sanctions for failure to produce Solomon and Xi for deposition will be denied.

The magistrate judge noted in his order that delays in the progress of this case have been borne of prickly and excessive motion practice engaged in by both parties. This has been a

consistent theme throughout this litigation for which the magistrate judge has viewed both parties as responsible. The court finds no error in that assessment. In sum, he concluded that Süd-Chemie "may take the deposition of any fact witness who was explicitly identified prior to December 17, 2004, either in correspondence or pleadings or in any other clear way to Multisorb." Thus, he ruled that Süd-Chemie "should be allowed to conclude deposition discovery which it sought previously." September 14, 2005 Order, pg. 4.

Süd-Chemie contends that "colorful, but unclear and unenforceable language" in the magistrate judge's order is contrary to law. It contends that the order does not comply with Fed.R.Civ.P. 72(a) which requires a "written order setting forth the disposition of" the motion. The court rejects this contention. The motion to compel was granted in part and denied in part, as respects each of the subjects addressed by the magistrate judge. He attempted to remove the December 17, 2004 technical procedural objection from the equation with respect to the taking of depositions. The court does not find this ruling and the manner in which the magistrate judge sought to implement it to be contrary to law. Sanctions were not awarded. To the extent that the magistrate judge intended his silence on the matter to recommend denial of sanctions, the court accepts and adopts the factual findings. Sanctions will be denied.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, the objections of the plaintiff, Süd-Chemie, Inc. (DN 200), to the September 14, 2005 order of the United States Magistrate Judge (DN 197), have been considered and **IT IS HEREBY ORDERED AND ADJUDGED** that the September 14, 2005 order (DN 197) is **AFFIRMED**. **IT IS FURTHER ORDERED** that John Solomon and Alan Xi be made available for deposition in Louisville, Kentucky, within forty-five (45) days of the date of entry of this order. All other objections to the order of the magistrate judge are **OVERRULED**.

This matter will be scheduled for **TELEPHONIC CONFERENCE** by further order of the court for selection of a date for the court to conduct a *Markman* hearing.

The cross-motion of the defendant, Multisorb Technologies, Inc., for rescheduling of the *Markman* hearing (DN 210) is **GRANTED**.

The motion of the plaintiff, Süd-Chemie, Inc. to place the matter on the trial calendar (DN 208) is **DENIED**.

**IT IS SO ORDERED**.